# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JAMES F. FITZPATRICK,<br>　　　　　　Appellant, | DOCKET NUMBER<br>NY-1221-19-0098-W-1 |
| 　　　　v. | |
| DEPARTMENT OF HOMELAND<br>　　SECURITY,<br>　　　　　　Agency. | DATE: May 24, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James F. Fitzpatrick</u>, Bronx, New York, pro se.

<u>Daniel Piccaluga</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the appellant's petition for review. However, we VACATE the portion of the initial decision barring this appeal on res judicata grounds. We AFFIRM the portion of the initial decision concluding that the Board lacks jurisdiction over this IRA appeal due to the appellant's failure to prove that he exhausted his administrative remedies with the Office of Special Counsel (OSC).

## BACKGROUND

The appellant began his term appointment with the agency as a GS-07 Miscellaneous Assistant on July 22, 2018.[2] *Fitzpatrick v. Department of Homeland Security*, MSPB Docket No. NY-1221-19-0098-W-1, Initial Appeal File (0098 IAF), Tab 1 at 20. The appellant's term appointment was subject to a 1-year probationary period. *Id*. Effective October 13, 2018, the agency terminated the appellant during his probationary period for post-appointment reasons related to his conduct and work performance. 0098 IAF, Tab 14 at 20-23. On October 21, 2018, the appellant filed an appeal with the Board contesting his probationary termination. *Fitzpatrick v. Department of Homeland Security* (*Fitzpatrick* I), MSPB Docket No. NY-315H-19-0019-I-1, Initial Appeal File (0019 IAF), Tab 1. The appellant withdrew his appeal, and the administrative

---

[2] The appellant's position title is referred to as a Sighted Assistant in some documents, but an SF-50 in the record and his termination letter refer to the position title as a Miscellaneous Assistant. *Fitzpatrick v. Department of Homeland Security*, MSPB Docket No. NY-1221-19-0098-W-1, Initial Appeal File, Tab 1 at 13, 20, Tab 14 at 20-23.

judge subsequently dismissed *Fitzpatrick* I with prejudice. 0019 IAF, Tab 11 at 1-3. The appellant then filed a petition for review with the Board in *Fitzpatrick* I.[3]

During the pendency of his petition for review in *Fitzpatrick* I, the appellant filed this IRA appeal, alleging that in reprisal for being a whistleblower, the agency terminated him during his probationary period. 0098 IAF, Tab 1. Because it appeared that the Board lacked jurisdiction over this IRA appeal, the administrative judge issued a jurisdictional notice advising the appellant of his burden and the types of argument and evidence that he had to file to establish Board jurisdiction. 0098 IAF, Tab 4. After both parties responded, the administrative judge issued an initial decision dismissing this appeal. 0098 IAF, Tabs 6-8, 12-15, 17, Initial Decision (ID) at 1-5. The administrative judge first found that this appeal was barred by res judicata based on the initial decision in *Fitzpatrick* I that dismissed with prejudice the appellant's Board appeal of his probationary termination. ID at 2-3. The administrative judge further held that notwithstanding her finding that the appeal was barred by res judicata, the appellant failed to satisfy his burden of proving that he exhausted administrative remedies with OSC before pursuing this IRA appeal. *Id*. at 3-4. The appellant has filed a petition for review, to which the agency has responded in opposition, and the appellant has replied. Petition for Review (PFR) File, Tabs 1-2, 7-8.

## ANALYSIS

We vacate the administrative judge's determination that this appeal is barred by res judicata.

The doctrine of res judicata serves as a basis to dismiss an appeal over which the Board has jurisdiction. *Merzweiler v. Office of Personnel Management*, 100 M.S.P.R. 442, ¶ 7 (2005). Yet, when Board jurisdiction over

---

[3] The Board has since denied the appellant's petition for review and affirmed the initial decision in *Fitzpatrick* I that dismissed the appeal as withdrawn. *Fitzpatrick v. Department of Homeland Security*, MSPB Docket No. NY-315H-19-0019-I-1, Final Order at 1-3 (Feb. 20, 2024)

an appeal is lacking, this doctrine generally will not serve as appropriate grounds for dismissal. *Id*. Rather, the appeal should be dismissed for lack of jurisdiction. *Id*., ¶¶ 1, 8. As detailed herein, this instant appeal does not fall under the Board's jurisdiction and should be dismissed accordingly. Thus, we vacate the initial decision's conclusion that this appeal is barred by res judicata.

<u>We affirm the administrative judge's conclusion that the Board lacks jurisdiction over this IRA appeal because the appellant failed to prove that he exhausted his administrative remedies with OSC.</u>

The Board has jurisdiction over an IRA appeal if, inter alia, an appellant exhausts his administrative remedies before OSC. *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 12 (2016); *see* 5 U.S.C. § 1214(a)(3). The Board, in *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11, clarified the substantive requirements of exhaustion. The requirements are met when an appellant has provided OSC with a sufficient basis to pursue an investigation. The Board's jurisdiction is limited to those issues that were previously raised with OSC. However, appellants may give a more detailed account of their whistleblowing activities before the Board than they did to OSC. *Id*. Appellants may demonstrate exhaustion through their initial OSC complaint; evidence that they amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations; and, their written responses to OSC referencing the amended allegations. *Id*. Appellants also may establish exhaustion through other sufficiently reliable evidence, such as an affidavit or a declaration attesting that they raised with OSC the substance of the facts in the Board appeal. *Id*. An appellant may file an IRA appeal with the Board within 60 days of notification from OSC that it has closed its investigation, or 120 days after the filing of a request for corrective action if the appellant has not been notified if OSC will take action. 5 U.S.C. § 1214(a)(3)(A), (a)(3)(B). If an appellant fails to meet his burden in proving this exhaustion requirement, the Board shall dismiss the appeal

for lack of jurisdiction. *Boechler v. Department of the Interior*, 109 M.S.P.R. 638, ¶¶ 5, 12-13, 16 (2008), *aff'd*, 328 F. App'x. 660 (Fed. Cir. 2009) (Table).

As the administrative judge correctly found in the initial decision, the appellant failed to meet his burden of establishing Board jurisdiction over this IRA appeal, as he did not prove that he exhausted his administrative remedies with OSC prior to filing this appeal. ID at 3-4. Despite being apprised of this requirement and what was necessary to meet his burden, the appellant failed to submit any piece of evidence through his numerous submissions before the administrative judge outlining his purported whistleblowing disclosure(s) and/or protected activity and the retaliatory prohibited personnel practice(s) that he first included in an OSC complaint seeking corrective action or any subsequent correspondence with OSC related to that complaint. 0098 IAF, Tabs 4, 6-8, 12-13, 15. As the administrative judge determined, the evidence before her did not even indicate that the appellant filed a whistleblower reprisal complaint with OSC before pursuing this IRA appeal. ID at 4.

The appellant's petition for review includes voluminous documentation in an attempt to show that he exhausted his administrative remedies with OSC before filing his IRA appeal in this case.[4] PFR File, Tabs 1-2, 8. Many of the appellant's submissions on review are duplicative of what he submitted before the administrative judge or are irrelevant to the question of Board jurisdiction. The Board has held that it is not required to pore through the record in order to construe or make sense of pleadings filed by a party. *See, e.g.*, *Keefer v. Department of Agriculture*, 92 M.S.P.R. 476, ¶ 18 n.2 (2002). An appellant's submissions that lack clarity run the risk of being found to have failed

---

[4] For the first time on review, the appellant appears to claim that issues with uploading documents on the Board's e-appeal system prevented him from proving that he exhausted his administrative remedies with OSC. PFR File, Tab 8 at 4. The appellant provides no additional information regarding this allegation, and thus, we find it insufficient to grant his petition for review.

to meet the requisite burden of proof. *Luecht v. Department of the Navy*, 87 M.S.P.R. 297, ¶ 8 (2000).

However, the appellant submits two documents on review that he did not submit before the administrative judge–a November 7, 2018 complaint that the appellant filed with OSC alleging that an agency official engaged in prohibited political activity in violation of the Hatch Act[5] and an undated retyped email purportedly from an OSC investigator asking follow-up questions on an unreferenced OSC complaint that the appellant filed. PFR File, Tab 1 at 6-7, Tab 2 at 36-41.

The Board will generally not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant has failed to show that circumstances exist for us to consider either of these documents for the first time on review. The Hatch Act complaint filed by the appellant is dated and signed November 7, 2018, which is more than 4 months before the jurisdictional record closed before the administrative judge in this case. 0098 IAF, Tab 4 at 1, 8; PFR File, Tab 2 at 36. Further, the apparent retyped email from an OSC investigator is undated and the appellant did not provide any other information in order for us to ascertain when it became available to him. PFR File, Tab 1 at 6-7.

Notwithstanding, the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans*

---

[5] The Hatch Act, as amended, limits certain political activities of Federal employees, as well as some state, D.C., and local government employees, who work with federally funded programs. https://osc.gov/Services/Pages/HatchAct.aspx (last visited May 23, 2024); Hatch Act of 1939, Pub. L. No. 76-252, 53 Stat. 1147 (Aug. 2, 1939); Hatch Act Modernization Act of 2012, Pub. L. No. 112-230, 126 Stat. 1616 (Dec. 28, 2012). The law's objectives are to ensure that Federal programs are administered in a nonpartisan fashion, to protect Federal employees from political coercion in the workplace, and to ensure that Federal employees are advanced based on merit and not based on political affiliation. https://osc.gov/Services/Pages/HatchAct.aspx.

*Administration*, 3 M.S.P.R. 345, 349 (1980). Even when considering these additional documents as new evidence, the appellant still has not established that he exhausted administrative remedies with OSC before filing this IRA appeal. Proof that the appellant filed a complaint with OSC alleging that an agency official engaged in prohibited political activity in violation of the Hatch Act does not prove that he also filed a whistleblower reprisal complaint with OSC in which he gave OSC a sufficient basis to pursue an investigation which might lead to corrective action.[6] Even if the appellant intended for his Hatch Act complaint to be construed as a whistleblower reprisal complaint, he does not sufficiently allege therein that the agency terminated him during his probationary period in reprisal for making a whistleblowing disclosure and/or engaging in protected activity. PFR File, Tab 2 at 36-41. The purported retyped email from an OSC investigator mentions that the appellant was terminated, but it does not indicate the nature of the complaint that he filed with OSC, the date it was filed, or if OSC is taking action or closing its investigation, nor does it identify any alleged whistleblowing disclosure(s) and/or protected activity. PFR File, Tab 1 at 6-7.

Therefore, we find no reason to disturb the portion of the initial decision holding that the Board lacks jurisdiction over this IRA appeal because the appellant failed to meet his burden of proving that he exhausted his administrative remedies with OSC. *Boechler*, 109 M.S.P.R. 638, ¶¶ 5, 12-13, 16.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain

---

[6] The process of filing a complaint with OSC alleging a violation of the Hatch Act is distinct from the OSC complaint process seeking corrective action for an action allegedly taken in reprisal for making a whistleblowing disclosure and/or engaging in protected activity. 5 C.F.R. § 1800.1(c), (d).

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions to provide a comprehensive summary of all available review options. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for

review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.